UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN GELB,

    Petitioner,

-vs-                                          Case No. 8:20-cv-2574-CEH-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 5). Respondent moves to dismiss the petition as time-barred (Doc. 10), which Petitioner opposes (Docs. 11, 18, 22, 23). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

On May 25, 2012, Petitioner was found guilty by a jury of aggravated child abuse (Doc. 10-2, Ex. 2 at record page 122). He was sentenced to 30 years in prison (*Id*., Ex. 2 at record page 166). His conviction was affirmed on appeal on September 17, 2014 (*Id*., Ex. 9). His October 2, 2014 *pro se* motion for rehearing (*id*., Ex.10) was stricken on October 7, 2014, as unauthorized because he was represented by counsel (*Id*., Ex. 11). His April 1, 2015 Notice to Invoke the Discretionary Jurisdiction of the

1

Florida Supreme Court (*id.*, Ex. 14) was dismissed for lack of jurisdiction (*Id.*, Ex. 15).

On August 5, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in the Florida Second District Court of Appeal (*Id.*, Ex. 17). The petition was denied on September 17, 2015 (*Id.*, Ex. 18).

On September 30, 2015, Petitioner filed a Motion for Post-Conviction Relief under Rule 3.850, Florida Rules of Criminal Procedure (*Id.*, Ex. 20 at docket pages 1235-46). The motion was stricken with leave to amend within 60 days (*Id.*, Ex. 20 at docket pages 1248-49). Petitioner filed his amended Rule 3.850 motion on January 7, 2016 (*Id.*, Ex. 20 at docket pages 1291-1302). The amended Rule 3.850 motion was denied on January 28, 2016 (*Id.* Ex. 20 at pages 1306-32). The denial was affirmed on appeal (*id.*, Ex. 22), and the appellate court mandate issued on December 16, 2016 (*Id.*, Ex. 25). Petitioner's petition seeking discretionary review in the Florida Supreme Court (*id.*, Ex. 27) was dismissed on December 15, 2016, for lack of jurisdiction (*Id.*, Ex. 28).

While Petitioner's Rule 3.850 motion was pending, he filed a Motion to Correct Illegal Sentence under Rule 3.800(a), Fla.R.Crim.P. (*Id.*, Ex. 20 at docket pages 1257-79). The motion was denied on January 11, 2016 (*Id.*, Ex. 20 at docket pages 1281-89). Petitioner did not appeal the denial.

On February 7, 2017, Petitioner filed a second Rule 3.850 motion (*Id.*, Ex. 30

2

at docket pages 1380-1494). The motion was denied on February 22, 2017, as untimely (*Id.*, Ex. 31 at docket pages 1496-1504). The denial was affirmed on appeal on September 15, 2017 (*id.*, Ex. 32), and the appellate court mandate issued on December 7, 2017 (*Id.*, Ex. 35).

While the second Rule 3.850 motion was pending, Petitioner filed a third Rule 3.850 motion on August 9, 2017 (*Id.*, Ex. 36). The motion was denied as untimely on August 17, 2017 (*Id.*, Ex. 37). Petitioner did not appeal the denial (*Id.*, Ex. 1 at docket p. 2).

On June 24, 2020, Petitioner filed a notice of invoking the discretionary jurisdiction of the Florida Supreme Court (*Id.*, Ex. 39). The Florida Supreme Court transferred the notice to the Florida Second District Court of Appeal (*Id.*, Ex. 40). The Second District Court of Appeal treated the notice as a petition for a writ of habeas corpus (*id.*, Ex. 42) and denied the petition on July 14, 2020 (*Id.*, Ex. 43). Petitioner's motion for rehearing (*id.*, Ex. 44) was denied on July 31, 2020 (*Id.*, Ex. 44).

On September 28, 2020, Petitioner filed a Petition for Writ of Certiorari in the Orlando Division of this Court (Doc. 1). After the Court informed Petitioner it had no authority to issue a writ of certiorari and allowed him to file a petition for the writ of habeas corpus (Doc. 3), Petitioner filed his habeas petition on October 26, 2020 (Doc. 5), and the petition was transferred to this Court (Doc. 6).

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Petitioner's judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was affirmed by the appellate court on September 17, 2014. His motion for rehearing was stricken on October 7, 2014. Therefore, for purposes of § 2244(d), the judgment became final ninety (90) days later on January 5, 2015. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir.2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme Court expired); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir.2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of

4

the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Petitioner's AEDPA statute of limitations period commenced on January 6, 2015. He therefore had until January 5, 2016, in which to file a timely federal habeas petition under § 2254. His habeas petition was filed on September 28, 2020. Accordingly, his petition is untimely unless the limitations period was tolled for a sufficient period of time by properly filed state court post-conviction applications.

After 212 days of the AEDPA limitations period elapsed, Petitioner filed his petition for writ of habeas corpus in the Florida Second District Court of Appeal on August 5, 2015.[1] The limitations period remained tolled until the petition was denied on September 17, 2015. Another 13 days of the limitations period elapsed until it was tolled again on September 30, 2015, when Petitioner filed his first Rule 3.850 motion.[2] The limitations period remained tolled until the state appellate court issued

---

1 Petitioner's April 1, 2015 notice of invoking the discretionary jurisdiction of the Florida Supreme Court did not toll the AEDPA's limitations period because it was not a properly filed motion, since jurisdiction did not lie to review the silent affirmance of the Second District. *See Reighn v. McNeil*, 2009 WL 3644805 at *4, n. 2 (N.D.Fla., Oct.30, 2009) (unpublished) (petitioner's notice to invoke the discretionary review jurisdiction of the Florida Supreme Court was not a "properly filed" application for state post-conviction relief because petitioner sought review of a *per curiam* affirmance without written opinion from denial of Rule 3.850 motion).

2 Although the initial Rule 3.850 motion was not properly filed, Petitioner timely amended

5

its mandate on December 16, 2016. And the limitations period expired 140 days later (212 + 13 + 140 = 365) on May 5, 2017.³ Accordingly, Petitioner's September 28, 2020 petition is untimely.

**No credible showing of actual innocence**

Petitioner argues that although his petition is untimely, it should be considered on the merits. He first appears to argue the limitations period does not apply to his case because his petition alleges a constitutional violation (Doc. 11 at 4). The argument lacks merit because AEDPA's statute of limitations applies to constitutional claims. *See, e.g., Upshur v. Hickock*, 194 F.3d 1321 (10th Cir. 1999)

---

the motion on January 7, 2016. Thus, the amended motion relates back to the date the original motion was filed. *See Bates v. Sec'y, Dep't of Corr.*, 964 F.3d 1326, 1328 (11th Cir. 2020) (under *Hall* and *Green*, a properly filed amended Rule 3.850 motion relates back to stricken, improperly filed Rule 3.850 motion, and therefore is pending as of the date of original filing for purposes of the statute of limitations) (citing *Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 988 (11th Cir. 2019) and *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1248 (11th Cir. 2017)).

3 Neither Petitioner's February 7, 2017 Rule 3.850 motion, nor his August 9, 2017 Rule 3.850 motion tolled the limitations period because both were dismissed as untimely. *See Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) ("In *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the United States Supreme Court expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law."). Moreover, neither the August 9, 2017 Rule 3.850 motion, nor the June 24, 2020 state petition for writ of habeas corpus had any tolling effect because they were filed after the AEDPA's limitations period already expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period).

6

(AEDPA's statute of limitations "explicitly bars untimely" constitutional claims "no matter how meritorious").

He next argues his petition must be considered on the merits because he has established his actual innocence (Docs. 18, 22, 23). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [where] the impediment is. . .expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In other words, such a "claim of innocence is ... 'not itself a constitutional claim, but instead a gateway through which a petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove his innocence, Petitioner must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. He must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner fails to make a credible showing of actual innocence because he presents no new reliable evidence of factual innocence. In his "Correspondence for Consideration" (Doc. 18) and "Memorandum of Law" (Doc. 22), he presents no

7

new evidence showing he is factually innocent. Rather, he raises a claim of legal insufficiency in arguing the State was required to "re-arraign" him after amending the Information at the conclusion of his trial (*Id*. at 4-5). And in his second "Memorandum of Law" (Doc. 23), Petitioner relies not on new evidence but rather on the same evidence (medical records and testimony) and arguments presented in his defense at trial (*Id*. at 1-4). *See Schlup,* 513 U.S. at 324 (to prove actual innocence, a petitioner must present "new reliable evidence. . .that was not presented at trial."); *Hancock v. Davis*, 906 F.3d 387, 389-90 (5th Cir. 2018) (Evidence is not "new" for purposes of the actual-innocence gateway if it was presented at trial or if "it was always within the reach of the [petitioner's] personal knowledge or reasonable investigation.") (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Although Petitioner asserts he "has provided. . .credible exculpatory evidence of eyewitnesses. . .not presented at trial" (Doc. 23 at 1), he fails to identify the witnesses and the substance of their testimony. Thus, his assertion is vague and conclusory and therefore insufficient to establish actual innocence. *See, e.g., Bula v. Sec'y, Dep't. of Corr.*, 2019 WL 1317703, at *3 (M.D. Fla. Mar. 22, 2019) (vague and conclusory allegations of actual innocence are insufficient to undermine a Court's confidence in the outcome of criminal proceedings) (citing *Schlup*, 513 U.S. at 316).

      In sum, Petitioner's claim of actual innocence is unsupported by any new reliable evidence. Instead, he relies on vague and conclusory assertions and on

evidence and argument from the trial to support his claim of actual innocence. These are insufficient to demonstrate a fundamental miscarriage of justice and excuse Petitioner's failure to file a timely petition.

Accordingly:

1. Petitioner's Motion to Hear and Rule (Doc. 26) is **GRANTED**.

2. Petitioner's petition for the writ of habeas corpus (Doc. 5) is **DISMISSED** as time-barred.

3. The Clerk is directed to enter judgment against Petitioner and close this case.

**Certificate of Appealability and Leave to Appeal *In Forma Pauperis* Denied**

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on April 28, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Petitioner, *pro se*